UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY S. LINGELBACH, JR.,

    Plaintiff,

v.                                                       Case No. 3:17-cv-512-J-39MCR

JERROD THOMPSON, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate in the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint Form (Complaint) (Doc. 1). Plaintiff names Jerrod Thompson, Duane Lopez, and Walmart as the defendants. Plaintiff also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2). In the Complaint, Plaintiff asserts that while at Walmart, he was "attacked by Jerrod Thompson and Duane Lopez whom work for Walmart." Complaint at 5.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from suit relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. Haines v. Kerner, 404 U.S. 519 (1972); Bindham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Criminal Procedure

12(b)(6), so courts apply the same standard in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  Id. (quotation and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the materials elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654 F.3d at 1175.  "'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'"  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)).  Thus, at a minimum, to satisfy the under-color-of-state-law element, a defendant's actions must be "fairly attributable to the State" which requires that the defendant is a "person who may fairly be said to be a state actor."  Lugar v. Edmondson Oil. Co., 457 U.S. 922, 937 (1982).   "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  Harvey v. Harvey,

2

949 F.2d 1127, 1130 (11th Cir. 1992). A private party qualifies as a "state actor" under § 1983 if one of the following three tests is satisfied: (a) the "state compulsion test," wherein the state has coerced or significantly encouraged the federal violation; (b) the "public function test," wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; or (c) the "nexus/joint action test," wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001); see also Nat'l Broad. Co., Inc. v. Commc'ns Workers of Am., AFL-CIO, 860 F.2d 1022, 1026-27 (11th Cir. 1988).

Upon review of the Complaint, Plaintiff does not allege that the actions of any of the defendants, who are private parties, were attributable to the State of Florida. Plaintiff fails to demonstrate that any of the defendants qualify as a "state actor," and therefore, Plaintiff fails to state a claim under 42 U.S.C. § 1983.

Further, to the extent Plaintiff asserts state law claims, Plaintiff fails to demonstrate that the Court has either original jurisdiction or supplemental jurisdiction to hear this case. See 28 U.S.C. § 1332 (A district court shall have original jurisdiction over civil actions whether the matter in controversy exceeds $75,000.00 and is between citizens of different states.); 28 U.S.C. § 1367(a) (When a district court has original jurisdiction over an action, it may exercise supplemental jurisdiction over state law claims related to a federal claim in that action.). Thus, the Court dismisses this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is

**ORDERED and ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of May, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sflc

c: Randy S. Lingelbach, Jr.